Case 1:21-cv-05754-LDH-PK   Document 12   Filed 12/16/21   Page 1 of 4 PageID #: 107

Clerk's Office
Filed Date:
12/16/2021
U.S. DISTRICT
COURT-EDNY
BROOKLYN
OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

VINCENT VARBARO, Derivatively on Behalf
of Nominal Defendant PIEDMONT LITHIUM
INC. F/K/A/ PIEDMONT LITHIUM
LIMITED,

            Plaintiff,

  -against-

KEITH D. PHILLIPS, BRUCE CZACHOR,
GREGORY SWAN, JEFFREY ARMSTRONG,
JORGE M. BERISTAIN, TODD HANNIGAN,
IAN MIDDLEMAS, ANASTASIOS ARIMA,
and LEVI MOCHKIN,

           Defendants.

-------------------------------------------------------------x

No. 21 Civ. 5754 (LDH) (RLM)

**STIPULATION AND
ORDER STAYING ACTION**

Defendants Keith D. Phillips, Bruce Czachor, Gregory Swan, Jeffrey Armstrong, Jorge M. Beristain, Todd Hannigan, Ian Middlemas, Anastasios Arima, Levi Mochkin, and Nominal Defendant Piedmont Lithium Inc. ("Piedmont," and collectively, "Defendants") and Plaintiff Vincent Varbaro ("Plaintiff," and together with Defendants, the "Parties"), by and through their undersigned counsel of record, submit the following stipulation to stay these proceedings, subject to the approval of the Court.

WHEREAS, on October 14, 2021, Plaintiff filed this stockholder derivative action on behalf of Piedmont against Defendants (the "Derivative Action");

WHEREAS, the Derivative Action involves overlapping parties and arises from similar facts and circumstances as a related federal securities action filed on July 23, 2021, and pending before this Court, entitled *Skeels v. Piedmont Lithium Inc. et al.*, No. 21 Civ. 4161 (LDH) (PK) (E.D.N.Y.) (the "Securities Class Action"); and

WHEREAS, based upon the overlapping parties and similar facts and circumstances pled in the Derivative Action and the Securities Class Action, and to avoid the unnecessary expenditure of party and judicial resources, the Parties have agreed, subject to this Court's approval, to temporarily stay proceedings in the Derivative Action until the resolution of Defendants' anticipated motion to dismiss in the Securities Class Action.

THEREFORE, the Parties jointly stipulate that:

1. Defendants agree that their counsel shall be deemed to have accepted service of the Complaint on their behalf in the Derivative Action as of the date of this Stipulation;

2. All proceedings in the Derivative Action will be stayed until resolution of Defendants' anticipated motion to dismiss the Securities Class Action;

3. Any party may move to terminate the stay of this Action after providing thirty (30) days written notice to undersigned counsel;

4. Within thirty (30) days after the resolution of the anticipated motion to dismiss in the Securities Class Action, the Parties shall meet and confer concerning a schedule governing any further proceedings in the Derivative Action;

5. All deadlines and hearings will be postponed unless and until the stay is lifted;

6. Notwithstanding the voluntary stay of the Derivative Action, Plaintiff may amend his complaint once during the pendency of the stay without leave of Court. Defendants shall not be required to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

7. Defendants shall promptly notify Plaintiff in the event any factually related stockholder derivative proceedings are initiated, including but not limited to the filing of a summons and complaint on behalf of Piedmont, or if a stockholder makes a demand for inspection of documents, in either case, based on the same or similar set of factual allegations as

alleged in this Action. In the event that any documents are produced in response to any such stockholder proceeding or demand, Piedmont shall produce the same documents to Plaintiff within ten days of such production, provided Plaintiff has entered into a confidentiality agreement, which will be the same as the confidentiality agreement executed by any stockholder making a demand pursuant to 8 Del. C. § 220, such that Plaintiff may use such discovery only for the purpose of litigation or settlement of this Action. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery.

8. In the event that a factually related stockholder derivative proceeding is filed and not stayed within 60 days of filing, Plaintiff may terminate the stay of this Action by giving notice to the undersigned counsel for Defendants via email. Defendants shall then have thirty days from the date of notice to respond to the complaint or any amended complaint.

9. If a mediation or formal settlement conference is held in effort to settle the Securities Action or any factually related derivative action, undersigned counsel for Defendants shall via email provide Plaintiff with reasonable advance notice, and the parties shall discuss in good faith whether Plaintiff should participate in such mediation or conference; and

10. Defendants reserve all rights including the right to move to dismiss the Derivative Action.

**IT IS SO STIPULATED**.

Dated: December 10, 2021

GLANCY PRONGAY & MURRAY LLP

By : */s/ Benjamin I. Sachs-Michaels*
   Benjamin I. Sachs-Michaels

   Glancy Prongay & Murray LLP
   712 Fifth Avenue
   New York, New York 10019
   Tel.: 212.935.7400
   Email: bsachsmichaels@glancylaw.com

   *Attorneys for Plaintiff*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Marshall R. King*
   Marshall King
   David Salant

   Gibson Dunn & Crutcher LLP
   200 Park Avenue, 47th Floor
   New York, NY 10166
   Tel.: (212) 351-4000
   Email: mking@gibsondunn.com
   Email: dsalant@gibsondunn.com

   *Attorneys for Defendants*

               **IT IS SO ORDERED**.

               **s/ LDH**
               LaShann DeArcy Hall
               United States District Judge

               Brooklyn, New York
               Dated: **December 16**, 2021